## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO:  10-100** |
| **GORDON NUNES** | **SECTION: "S" (3)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Gordon Nunes' Motion for Reconsideration of Sentence (Doc. #62) is **DENIED**.

## BACKGROUND

On August 13, 2010, defendant, Gordon Nunes, pleaded guilty to a two count bill of information in which he was charged with possessing with the intent to distribute a quantity of cocaine hydrochloride in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count 1), and possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count 2).  In the factual basis he signed, Nunes admitted that "he intended to distribute the cocaine that was in his residence and that he possessed the firearms listed [in the factual basis] to protect his drug trafficking activities." (Doc. #23).  Further, Nunes acknowledged in his plea agreement and under oath in open court that he understood that the maximum possible sentence that could be imposed on him was 20 years imprisonment as to Count 1, and life imprisonment as to Count 2. (Doc. #24).  Nunes also acknowledge that he understood that Count 2 had a statutory mandatory minimum sentence of five years imprisonment and that the sentence on Count 2 "must be served consecutively to any other sentence that the defendant receives." (Doc. #24).  On November 18, 2010, the defendant was sentenced to serve six months imprisonment as to Count 1, and five years imprisonment as to Count 2 to be served consecutively.

## ANALYSIS

Pursuant to 18 U.S.C. § 3582, the court cannot modify a term of imprisonment once it has been imposed except: (1) upon a motion from the Director of the Bureau of Prisons; (2) to the extent expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedures[1]; or, (3) if the United States Sentencing Commission subsequently lowers the sentencing range under which the defendant was sentenced.  None of the three scenarios listed in § 3582 apply to Nunes.[2]  Therefore, the court lacks jurisdiction to modify Nunes' sentence. See 18 U.S.C. § 3582(b).

## CONCLUSION

**IT IS HEREBY ORDERED** that Gordon Nunes' Motion for Reconsideration of Sentence (Doc. #62) is **DENIED**.

New Orleans, Louisiana, this   23rd day of July, 2013.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

---

[1] Rule 35 of the Federal Rules of Criminal Procedure permits the court to reduce a defendant's sentence: (1) within 14 days after sentencing to correct a sentence that resulted from an arithmetical, technical, or other clear error; or (2) upon a motion of the government to recognize the defendant's substantial assistance.  The government filed, a motion for a downward departure pursuant to U.S.S.G. § 5K1.1 based on the defendant's substantial assistance.  The court granted the motion at the defendant's sentencing hearing on November 18, 2010.

[2] Nunes argues that the Supreme Court of the United States' holding in Alleyne v. United States, 133 S.Ct. 2151 (2013), requires dismissal of Nunes' conviction on Count 2.  In Alleyne, the Supreme Court of the United States held that facts that increase statutory mandatory minimum sentences are elements of the crime because they increase the prescribed range of penalties to which a criminal defendant is exposed, thus those facts must be submitted to the jury. Id. at 2160.  In this case, Nunes pleaded guilty to Count 2 and admitted the relevant facts in the signed factual basis.  Therefore, Alleyne is inapplicable.